### XIA PAN DONG, Petitioner,

v.

### Eric H. HOLDER Jr.,[1] Respondent.

### No. 07–5647–ag.

United States Court of Appeals,
Second Circuit.

July 10, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Ethan B. Kanter, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: AMALYA L. KEARSE and DEBRA ANN LIVINGSTON, Circuit Judges, ERIC N. VITALIANO, District Judge.[2]

### *SUMMARY ORDER*

Petitioner Xia Pan Dong, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA affirming the September 20, 2006 decision of Immigration Judge ("IJ")

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

2. The Honorable Eric N. Vitaliano, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

Douglas B. Schoppert denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xia Pan Dong,* No. A 95 716 461 (B.I.A. Nov. 30, 2007), *aff'g* No. A 95 716 461 (Immig. Ct. N.Y. City Sept. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard...." *Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(B). In addition, when, as here, the agency's denial of relief is based on a finding that the applicant was not credible, our review is particularly deferential. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 334 (2d Cir.2006).

We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ reasonably found that Dong was evasive and nonresponsive on cross-examination, leading to the conclusion that her testimony was not credible. In making this demeanor finding, the IJ noted that Dong frequently responded to questions from the Government by asking questions of her own, that she had effectively avoided providing a clear answer to certain questions posed by the

Government, and that her overall demeanor was substantially different on cross-examination than on direct examination. Dong asserts in her brief to this Court that she was "so paralyzed by confusion as to be unable to comprehend the questions asked of her." The existence of a plausible alternative interpretation of the available evidence, however, does not allow us to overturn the agency's factual findings unless a reasonable factfinder would be compelled to accept that interpretation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). This is not the case here.

In addition, the IJ accurately observed that the evidence Dong submitted in support of her application contained a substantial inconsistency. In her application, she stated that she was arrested in February 2004. Before the IJ, however, she initially testified that this event occurred in February 2005, only to revert to the February 2004 date after extensive cross-examination. Dong argues that this inconsistency is "minor" when considered against the evidence as a whole. However, under the REAL ID Act of 2005, an IJ may base an adverse credibility determination on an inconsistency that does not go directly to the heart of the applicant's claim of persecution, "as long as the totality of the circumstances establish that [the] applicant is not credible." [3] *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (internal quotation marks omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the inconsistency at issue here does directly relate to the incident forming the basis of Dong's claim of past persecution. And the IJ did not rely upon this inconsistency alone in finding Dong not to be credible, but rather made that determination in light of both this inconsistency

---

**3.** As Dong filed her application for asylum, withholding of removal, and relief under the CAT after May 11, 2005, her application is governed by the amendments made to the

Immigration and Nationality Act by the REAL ID Act of 2005. *See* Pub.L. No. 109–13, div. B, § 101(h)(2), 119 Stat. 302, 305.

and Dong's overall demeanor. *Cf. Li Hua Lin v, U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006) ("We can be [ ] more confident in our review of observations about an applicant's demeanor where ... they are supported by specific examples of inconsistent testimony.").

Having called Dong's testimony into question, the IJ acted reasonably in giving little weight to Dong's corroborative evidence. *See Xiao Ji Chen,* 471 F.3d at 341–42 (noting that the weight afforded to evidence "lies largely within the discretion of the IJ" (internal quotation marks omitted)). The IJ accurately noted that the authors of the letters that Dong submitted were not available to be cross-examined. Moreover, the IJ reasonably found that close similarities in wording between Dong's written application and her mother's letter raised doubts about the authenticity of the mother's statement. *See Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (affirming an adverse credibility determination resting, in part, on the nearly identical language in affidavits allegedly submitted by different persons). Dong's purported corroborative evidence therefore did not rehabilitate her testimony.

Under these circumstances, the agency's adverse credibility finding was supported by substantial evidence. Accordingly, the agency's denial of Dong's application for asylum was proper as Dong failed to establish that she had a well-founded fear of persecution if returned to China. *See* 8 U.S.C. § 1101(a)(42). Moreover, as her applications for withholding of removal and relief under the CAT rest on the same factual predicate as her application for asylum, her failure to meet her burden of proof with regard to asylum necessarily implies that she also failed to satisfy that burden with regard to those other forms of relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

We have carefully considered all of Dong's contentions and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

